State, *ex rel.*, *v.* Staton.

paid by petitioner, Staton, and his petition will be dismissed and the *supersedeas* discharged.

OPINION ON PETITION TO REHEAR.

STATE, *ex rel.*, *v.* STATON.

(*Nashville.* February 4, 1890.)

TURNEY, Ch. J. This matter is again before us on petition to rehear.

It is insisted that when it appeared to the Criminal Court that the prisoner had not served his sentence, but was detained under that sentence, the Court had no power, under the *habeas corpus* proceedings, but to remand; that we, having decided the prisoner's time had not expired, and that fact appearing in the order releasing him, therefore, when the same fact appeared to the Criminal Court, the statute required it to remand the prisoner, and any other order was absolutely void, as beyond the jurisdiction of the Court.

That a Court having jurisdiction of the person and crime, or the subject-matter of the litigation, does not always determine its jurisdiction to render a particular judgment, is obvious. If, upon an indictment for larceny, there was a capital judgment, it is clear that, although there

23—4 P

was jurisdiction of the person and the offense, still the sentence would be beyond the law, without the power of the Court, and void. That is not this case. The question which the Criminal Court had jurisdiction to try was, Had the prisoner's time expired? This it undertook to decide, and decided erroneously. This question was one of law, arising upon the validity of certain jail rules giving good time and antedating the sentence. The validity of these rules was a matter for judicial determination.

The decision, whether right or wrong, was the announcement of a valid judgment within the power of the Court. The distinction between sentences and judgments void and erroneous is one of every-day cognizance, and was not overlooked in this case, but treated as not needing elucidation.

The statement of the case made it plain the Court had jurisdiction of the person and to grant the relief prayed, if, in its opinion, the term of the sentence had expired. This judgment was not void, but erroneous. *Ex parte* Parks, 93 U. S., 18.

The sentence was not for a fine of $100 and imprisonment for ten days. Such sentence would have been in excess of the power of the Court. There were two distinct contempts; in each a fine of $50, and in one ten days' imprisonment.

The other questions in the petition are all passed upon in the opinion heretofore filed.

Petition dismissed.